UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 27 2016 ★
LONG ISLAND OFFICE
```

| | |
|---|---|
| PHILIP PIDOT and NANCY HAWKINS, individually and as representatives of eligible Republican Party voters in Suffolk, Nassau and Queens County within New York's Third Congressional District,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>NEW YORK STATE BOARD OF ELECTIONS; PETER KOSINSKI and DOUGLAS KELLNER, in their official capacities as Co-Chairs of the New York State Board of Elections; ANDREW J. SPANO and GREGORY P. PETERSON, in their official capacities as Commissioners of the New York State Board of Elections; TODD D. VALENTINE and ROBERT A. BREHM, in their official capacities as Executive Directors of the New York State Board of Elections; and JACK MARTINS.<br><br>　　　　　　　　　　Defendants. | Case No. _____<br><br>**CV-16 3527**<br><br>**COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF REGARDING PRIMARY ELECTION SCHEDULED FOR JUNE 28, 2016**<br><br><br>**BIANCO, J.**<br><br><br>**LINDSAY, M.J.** |

Plaintiffs bring this action *pro se* on an emergency basis and hereby complain of the Defendants and allege as follows:

## NATURE OF THE ACTION

1. This action seeks emergency declaratory and injunctive relief in order to prevent the disenfranchisement of thousands of registered Republican voters in New York's Third Congressional District in a primary election **currently scheduled for tomorrow, June 28, 2016.** (This complaint is filed on the **earliest possible business day** as described below.)

2. Plaintiffs respectfully request an immediate hearing for the reasons described.

3. Plaintiff Philip Pidot ("Pidot") is a Republican candidate for United States Congress in New York's Third Congressional District, which encompasses parts of Suffolk, Nassau and Queens Counties. After Pidot withstood several weeks of delays, challenges, and litigation, by order dated June 24, 2016, New York State Supreme Court Justice Arthur M. Diamond held that Pidot is a valid candidate for the Republican primary, having filed in excess of the requisite number of valid signatures on his designating petition under New York Election Law. See Exhibit A.

4. Absent an order granting the relief requested herein, however, Pidot will be denied his right to appear on the Republican primary ballot, and thousands of registered and eligible Republican voters in the district will effectively be disenfranchised, because the Defendants herein are refusing to allow Pidot to appear on the ballot in the primary election currently scheduled for Tuesday, June 28, or take the reasonable step of modifying the primary date so that Pidot is included on the ballot.

5. Plaintiffs' request for relief in this matter arises from 28 U.S.C. § 1983 and the guarantee of equal protection in the United States Constitution as preserved by the Fourteenth Amendment and of freedom of political affiliation as preserved by the First Amendment.

6. Should the primary not be rescheduled, Plaintiffs—and thousands of disenfranchised Republicans—will be left with no meaningful redress. *See Bush v. Gore*, 531 U.S. 98 (2000).

7. Plaintiffs therefore seek a declaratory judgment pursuant to 28 U.S.C. § 2201.

8. Injunctive relief pursuant to Fed. R. Civ. P. 65 is appropriate here because: (1) Plaintiffs will be irreparably harmed should the primary election not be rescheduled, because (a) the voter Plaintiffs and the other Republican voters in New York's Third Congressional District will have been deprived of the opportunity to cast their vote for Pidot; and (b) Pidot will have been denied the right to appear on the ballot; (2) such Plaintiffs are in imminent danger of losing their right to vote, and Pidot his right to appear on the primary ballot; (3) monetary damages are insufficient to recompense and redress Plaintiffs' imminent injury as described; (4) the imminent hardship and damages affecting Plaintiffs' Constitutional rights as described herein vastly outweigh any inconvenience to Defendants upon granting of the requested relief. Moreover, Defendants have wrongly refused to reschedule the Republican primary.

9. This matter requires the urgent attention of the Court because in order to comply with the federal MOVE Act, military and special federal ballots must be sent out 45 days prior to an election for federal office. See Elections Calendar, ordered by Hon. Gary L. Sharpe, United States District Judge for the Northern District of New York, on October 29, 2015, available at http://www.elections.ny.gov/NYSBOE/law/2016-Federal-Calendar.pdf. Upon information and belief, in order for Defendant State BOE to comply with the 45-day advance mailing requirement

of the MOVE Act, a primary election must be held no later than early September 2016 (to allow time for the election to be certified and ballots to be mailed in time for the November 8 general election). It follows that if a primary election is held no later than early September, then military and special ballots must be sent out not later than mid-July, which leaves very little time for this matter to be resolved and ordered.

10. Plaintiffs intend to effectuate service of the Defendants herein by personal service no later than the close of business today, June 27.

11. Plaintiffs are not challenging the constitutionality of the New York Election Law. Rather, Plaintiffs submit that the Defendants' denial of Pidot's right to appear on the primary ballot in spite of their ability and duty to do so violates Plaintiffs' Constitutional rights.

## JURISDICTION AND VENUE

12. This action arises under the United States Constitution and 28 U.S.C. § 1983, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a) & 2201. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C §§ 2201 & 2202.

13. This Court has personal jurisdiction over the Defendants, and all individual Defendants (except Defendant Jack Martins) are sued in their official capacities. All Defendants work or reside in the State of New York.

14. Venue in this District is proper under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to Plaintiffs' claim for relief took place in this judicial district.

## PARTIES

15. Plaintiff Philip Pidot is a duly registered Republican living in Glen Cove, New York. By order dated **June 24, 2016**, Hon. Arthur M. Diamond of the New York State Supreme

Court, Nassau County, held that Pidot had submitted in excess of the requisite number of valid signatures on his designating petition to have his name appear on the Republican primary ballot for election to the Third Congressional District to be held on June 28, 2016, pursuant to New York Election Law. See Exhibit A hereto.

16. Plaintiff Hawkins is a registered Republican voter and eligible to vote in the Primary and lives in Glen Cove, Nassau County, New York. Hawkins asserts claims for relief individually in this matter and behalf of thousands of similarly-situated registered Republican voters who are eligible to vote in the primary.

17. Defendant New York State BOE has "jurisdiction of and [is] responsible for the execution and enforcement of…statutes governing campaigns, elections and related procedures." N.Y. Election Law § 3-104(b). Defendant State BOE acts pursuant to state law in order to ensure that local boards of elections throughout New York State comply with and implement the election laws of the State of New York.

18. Defendants Andrew J. Spano and Gregory P. Peterson are Commissioners of the State BOE, which have "jurisdiction of and [are] responsible for the execution and enforcement of…statutes governing campaigns, election and related procedures."

19. Defendants Peter Kosinski and Douglas Kellner are Co-Chairs of the State BOE.

20. Defendants Todd D. Valentine and Robert A. Brehm are Co-Executive Directors of the State BOE.

21. Defendant Jack Martins is, like Pidot, a Republican candidate for U.S. Congress in the Third Congressional District of New York.

## STATEMENT OF FACTS

22.     This lawsuit arises from the prolonged attempts by Defendant Martins to insulate himself from any Republican primary challenge at the expense of the rights of thousands of Republican voters in the Third Congressional District and Pidot himself. Without question, the intent of Defendant Martins' conduct is to keep Pidot from appearing on the primary ballot so that Martins can accede to the GOP nomination by default.

23.     Pidot, having acted diligently and having withstood all of Martins' challenges, is now a valid, recognized candidate for the Republican nomination in the District. All that now stands between Pidot and appearing on the ballot is a reasonable action by Defendant State BOE in compliance with their duties in that capacity.

## Background

24.     In support of his Republican candidacy for the office of Representative to the United States Congress for the Third Congressional District in New York, Pidot filed the signatures of two thousand, one hundred and ninety-one (2,191) voters (comprising three volumes and two hundred sixty (260) pages) on April 14, 2016. Pursuant to applicable rules and statutes, these signatures were deemed valid by the Defendant State BOE.

25.     Four surrogates of the Martins campaign, Dominic J. Macedo, Robert Donno, Mark S. Sauvigne, and Marlene Lobato (all represented by Martins' counsel, John Ciampoli) (hereinafter the "Objectors"), filed specific objections to Pidot's submission April 25 and April 26. The Objectors filed a motion to invalidate in New York State Supreme Court on April 27.

26.     Following a determination by Defendant State BOE on May 4 that his petition contained sixteen signatures fewer than the requisite number, Pidot initiated an action to validate his petition on May 6.

27. On May 11, the case was heard before Justice Thomas A. Adams in New York Supreme Court, Nassau County. Counsel for the Objectors moved to dismiss the case on the grounds that it had been filed improperly. Justice Adams granted the motion at the hearing.

28. Immediately thereafter, and before judgment had been entered on the May 11 oral ruling, counsel for Pidot alerted Justice Adams to contrary controlling authority from the Appellate Division, Second Department, that in fact had been signed by Adams himself while he sat on the Appellate Division, Gravagna v. Board of Elections, 21 A.D.3d 504 (App. Div., 2d Dep't, 2005). Counsel for Pidot filed a formal motion to vacate the ruling on May 18.

29. Nearly three weeks later, on June 7, Justice Adams denied the motion to vacate and reaffirmed his May 11 dismissal of Pidot's motion to validate on procedural grounds, declining to follow the precedent set forth in Gravagna, supra.

30. On June 9, Pidot filed a notice of appeal in the Appellate Division, Second Department. The matter was heard on June 17, and the panel unanimously reversed Justice Adams' order, finding that pursuant to Gravagna, Justice Adams did not have the authority to review the determination of a justice of coordinate jurisdiction. With just eleven days until the scheduled primary, the court remanded the matter to the Supreme Court for "a determination of the petition on the merits forthwith." See Exhibit B.

31. Ultimately, all of this litigation caused significant delay in spite of Pidot's proceeding expeditiously and without the vast resources of his opponent.

32. Counsel for Pidot alerted the clerk of the court at the Supreme Court in Nassau County immediately, and the case was docketed for 10:00 a.m. on Monday, June 20 before Hon. Arthur M. Diamond. That morning, the court adjourned the matter to Tuesday, June 21 because

7

it had not yet received the mandate from the Second Department in Brooklyn. The hearing began promptly on Tuesday, June 21.

33.     Following a three-day hearing on the merits, Justice Diamond ruled from the bench on the afternoon of Thursday June 23 that Pidot had filed more than enough valid signatures to appear on the Republican primary ballot according to the New York Election Law.

34.     The court then heard argument and testimony from Defendant State BOE on Macedo et al.'s motion to dismiss Pidot's petition on the grounds that it would be impossible to hold a primary election between Republican candidates Pidot and Defendant Martins with so little time left before the scheduled primary on June 28.

35.     The following day (last Friday, June 24), Justice Diamond issued his written opinion denying respondent objectors' motion to dismiss. The court held that Pidot had submitted in excess of the number of valid petitions to be placed on the ballot for the Republican primary. The court, however, denied as "impossible" Pidot's petition to compel Defendant State BOE to place his name on the ballot (and, in the alternative, to enjoin the State BOE from printing a ballot without his name) for the primary election to be held on Tuesday, June 28. See Exhibit A.

### Board Defendants' Refusal to Act

36.     Defendant State BOE stated on June 24 that it does not intend to reschedule the primary without a court ordering them to do so, despite there now being two equally validated candidates. See http://www.newsday.com/long-island/philip-pidot-bid-for-primary-ballot-spot-impossible-judge-says-1.11963842.

37.     The *status quo* is an unconscionable violation of Plaintiffs' rights. Plaintiffs respectfully submit that the Defendant State BOE's refusal to take reasonable steps ensuring that

8

Pidot, a recognized and valid Republican candidate in the District, is included on the primary ballot, not only runs afoul of the Board Defendants' solemn obligation under New York's Election Law, but would violate both the Equal Protection clause in the United States Constitution and Plaintiffs' First Amendment rights.

38. Any burden on the Defendant State BOE in modifying the primary date is substantially outweighed by the violation of Plaintiffs' Constitutional rights caused by the *status quo*, which is a plain depredation of the U.S. Constitution and election-related safeguards.

39. That such a depredation results from such cynical conduct on Martins' part and in spite of Pidot's diligence throughout the past several weeks only underscores the propriety of granting relief.

40. Plaintiffs respectfully submit that there is no justification for maintenance of the *status quo*.

## FIRST CAUSE OF ACTION
### Denial of Equal Protection as to Pidot

41. Plaintiffs repeat and re-allege paragraphs 1 through 40 as though fully set forth herein.

42. Pursuant to the Equal Protection Clause of the United States Constitution, Fourteenth Amendment, and 28 U.S.C. § 1983, Defendants may not deny any person equal protection of the laws, including without limitation the New York Election Law.

43. Plaintiff Pidot has the right, pursuant to New York Election Law and the June 24 order, to appear on the ballot as a candidate for U.S. Congress in the Republican primary election.

44. By refusing to hold a Republican primary election inclusive of Pidot's valid, recognized candidacy, Defendants would deprive Plaintiff Pidot of equal protection of the laws.

45. Indeed, Defendants have allowed Democratic candidates who—like Pidot—submitted valid designating petitions, to appear on the ballot in the Democratic primary election which is being held tomorrow, June 28. Defendants' refusal to extend the same protection of the New York Election Law to Pidot plainly violates the Equal Protection Clause.

## SECOND CAUSE OF ACTION
**Denial of Equal Protection as to Voter Plaintiffs**

46. Plaintiffs repeat and re-allege paragraphs 1 through 45 as though fully set forth herein.

47. Defendants' unjustified refusal to hold a primary election has also disenfranchised and deprived Plaintiff Hawkins and thousands of Republican voters in the Third Congressional District in violation of the Equal Protection Clause and of 28 U.S.C. § 1983.

48. Hawkins and all other duly registered Republicans in the Third Congressional District have the right to vote for the candidate of their choice for U.S. Congress in a primary election.

49. Democratic citizens in the Third Congressional District have been given that right, instead of being effectively told by insiders and Republican Party leaders that they have no voice in choosing their Republican candidate for United States Congress.

50. By refusing to hold a Republican primary election, Defendants are depriving Plaintiff Hawkins and all other duly registered Republicans in the Third Congressional District of equal protection of the laws.

51. While maintenance of the status quo may suit the interests of career politicians and Republican Party insiders, it cannot be justified by any administrative hardship or burden asserted by the Defendants. That such a result would come at the expense and degradation of the

fundamental rights of thousands of Republican voters in the District only underscores the propriety of granting the relief sought in this action by the Plaintiffs, especially now that the validity of Pidot's candidacy and right to appear on the primary has been recognized and certified.

## THIRD CAUSE OF ACTION
### Denial of First Amendment Rights

52. Plaintiffs repeat and re-allege paragraphs 1 through 51 as though fully set forth herein.

53. Maintenance of the status quo would violate both Pidot's First Amendment right by eviscerating and denying his recognized right to appear on the primary ballot.

54. Maintenance of the status quo would violate Hawkins' First Amendment rights and those of thousands of would-be GOP primary voters in the District by mooting and extinguishing their right to vote for a valid, recognized candidate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

1. An Order enjoining Defendants from certifying, designating, or otherwise identifying a Republican candidate to be placed on the general election ballot for Representative in Congress for New York's Third Congressional District without first holding a primary election among all duly designated or validated Republican candidates;

2. An Order requiring Defendants to hold a primary election for the Republican candidates for United States Congress in New York's Third Congressional District, which shall take place as soon as possible and in no event later than fifty (50) days from the date of the Court's signing of the Order;

3. An Order requiring defendants to take such steps as are necessary in order to ensure that: (a) Pidot, a recognized and valid Republican candidate for United States Congress for New York's Third Congressional District, is identified as such on primary election ballots; and (b) eligible Republican voters in New York's Third Congressional District are ensured their right to cast a meaningful vote among candidates of their choice;

4. Plaintiffs be granted their costs and disbursements associated with the filing and maintenance of this action, including an award of reasonable attorneys' fees should plaintiffs hereafter retain counsel; and

5. Such other equitable and further relief as the Court deems just and proper.

Dated: Glen Cove, New York
June 27, 2016

By: _____
Philip Pidot
23 Tappanwood Drive
Locust Valley, NY 11560
flip@pidotforcongress.com
*Pro Se*

_____
Nancy Hawkins
123 Duck Pond Road
Glen Cove, NY 11542
*Pro Se*

# EXHIBIT A

SUPREME COURT - STATE OF NEW YORK

Present:
### HON. ARTHUR M. DIAMOND
Justice Supreme Court

-------------------------------------------------------------------X   IAS PART: 7

In the Matter of
PHILIP M. PIDOT,

                              Petitioner,   NASSAU COUNTY

      -against-   INDEX NO: 3448/2016

DOMINIC J. MACEDO, ROBERT DONNO,,
MARK S. SAUVIGNE, and MARLENE LOBATO,
And

THE NEW YORK STATE BOARD OF ELECTIONS,

                              Respondents..
-------------------------------------------------------------------X
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
In the Matter of the Application of
DOMINIC MACEDO, ROBERT DONNO, MARK SAUVIGNE,
and MARLENE LOBATO

                              Petitioners

      -against-

PHILIP M. PIDOT, candiate, and

GREGORY PETERSON, PETER KOSINSKI ,
DOUGLAS KELLNER and ANDREW SPANO
COMMISSIONERS CONSTITUTING THE
NEW YORK STATE BOARD OF ELECTIONS,

                              Respondents,
-------------------------------------------------------------------X

The following papers having been read on this motion:

        Order to Show Cause.................................1
        Notice of Motion.........................................2

Petitioner Pidot moved by order to show cause to validate his petitions after the State Board of Elections found that he was sixteen (16) valid signatures short of the amount needed (i.e., 1250) that would place him on the Republican primary ballot for election to the Third Congressional District to be held June 28, 2016. Objector Macedo, et.al., filed an order to show cause to invalidate those petitions. Pidot's application was dismissed by Supreme Court (J. Adams) on procedural grounds in an order dated May 6, 2016. Petitioner appealed and on June 17, 2016, the Appellate Division, Second Judicial Department, reversed and remanded the matter to Supreme Court for a hearing "on the merits".

At the outset, Petitioner requested to join the companion case commenced by Respondent Objectors (Supreme Court, Nassau County Index Number 003124-16) as part of his moving papers. In the interest of judicial economy, this Court granted the application for a joint trial.

A hearing was held June 21, 22, and 23. At the commencement of the hearing, Macedo served a motion to dismiss on several grounds, including that of "impossibility"; that is, even if it was found that Pidot had sufficient signatures, at this time it would be impossible for the City of New York, County of Nassau and County of Suffolk Board of Elections respectively to actually place him on the ballot in time for the June 28, 2016 primary currently scheduled. This Court held that this motion was to be heard at the conclusion of the proceeding to validate or invalidate the petition.

During the three days of the hearing, the Court ruled on several hundred objections, and after all objections, the Court found that Pidot had submitted twelve hundred sixty-one (1261) valid signatures on the petition, which surpassed the requisite twelve hundred fifty (1250) signatures needed to be placed on the ballot. Therefore, the branch of Petitioner Pidot's motion requesting the court to validate the petition pursuant to Election Law §16-102 is hereby granted.

The court then heard the motion dismiss. The State Board of Elections had notified the Court that they wished to be heard on the motion; thus, two representatives of the Board's counsel office, Brian Quayle and Kim Galvin participated via telephone for oral arguments.

At oral argument, counsel for Pidot, did not contest the Objector's position that with the primary election scheduled for June 28, 2016, five (5) days away, it would be physically impossible to have Mr. Pidot's name placed on either the paper mailing ballots (absentee and military) as well as on the physical machines of the three counties. However, he argued that either this Court or the Federal Court, who had scheduled this primary, could fashion alternate remedies in view of the fact that the general election was over four months away. In particular, he argued that in view of the fact that a federal judge had set this primary date in order for it to

2

comply with the MOVE Act of 2009, he or another judge could postpone this election to a date that would leave ample time to comply with the MOVE Act requirements.

Respondent argued that there was no authority, either in federal or state law that would allow this; in fact, he argued that the only instance in which a primary election has been held twice is where there were findings of fraud which invalidated the first election, which obviously is not the case here. Respondent also relies on the existing, though scant, case law involving "impossibility." In particular, the New York Court of Appeals in Hunter v. Orange County (11 NY3d 813 [2008]), held in a very brief opinion that "[u]nder the circumstances of [the] case, it would be impossible, if [the] Court were to entertain the merits, to render meaningful relief in compliance with the Election Law."

Furthermore, in conjunction with the respondents' arguments, the State Board of Elections agreed that it would be impossible to modify the ballots with less than a week before the scheduled primary. The State Board asserted the position that the fifty (50) day requirement would not be complied with under federal law if this Court directed Pidot's name to be placed on the ballot at this time.

Given the foregoing, the application to compel respondent State Board to certify, print, and place the name of the Petitioner on the Republican Party Primary Election ballot for the office of Representative in Congress from the Third (3rd) Congressional District of the State of New York is hereby denied as impossible. Furthermore, the application to restrain, prohibit, and enjoin the State Board from certifying and causing the printing of the Republican Party Primary Election ballot for the office of Representative in Congress from the Third (3rd) Congressional District of the State of New York is also hereby denied as impossible.

Finally, Respondent Objectors' motion to dismiss is hereby denied in accordance with foregoing. This hereby Constitutes the decision and order of this Court.

**ENTER**

DATED: June 24, 2016

_____
HON. ARTHUR M. DIAMOND J.S.C.

3

# EXHIBIT B

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D49561
C/afa

\_\_\_\_\_AD3d\_\_\_\_\_

Argued - June 17, 2016

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.

---

2016-05794

DECISION & ORDER

In the Matter of Philip M. Pidot, appellant,
v Dominic J. Macedo, et al., respondents-respondents,
et al., respondents.

(Index No. 3448/16)

---

       In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Philip M. Pidot as a candidate in a primary election to be held on June 28, 2016, for the nomination of the Republican Party as its candidate for the public office of Representative in Congress from the 3rd Congressional District, Philip M. Pidot appeals from a final order of the Supreme Court, Nassau County (Adams, J.), dated June 7, 2016, which, after a hearing, in effect, dismissed the petition.

       Application by the respondents-respondents for the Court to take judicial notice of certain material.

       Upon the papers filed in support of the application, and no papers having been submitted in opposition thereto; it is

       ORDERED that the application is denied; and it is further,

       ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the petition on the merits forthwith.

June 17, 2016

Page 1.

MATTER OF PIDOT v MACEDO

CPLR 304(a) provides that a special proceeding may be commenced by the filing of a petition. However, CPLR 304(a) also provides that "[w]here a court finds that circumstances prevent immediate filing, the signing of an order requiring the subsequent filing at a specific time and date not later than five days thereafter shall commence the action." Here, the Supreme Court erred in making a determination regarding whether or not circumstances preventing immediate filing were present (*see* CPLR 304[a]). That issue was determined upon the signing of the order to show cause on May 6, 2016, and the Supreme Court did not have authority to review the determination of a justice of coordinate jurisdiction (*see Matter of Gravagna v Board of Elections of City of N. Y.*, 21 AD3d 504, 505).

In light of our determination, we need not reach the appellant's remaining contention.

MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court




June 17, 2016

MATTER OF PIDOT v MACEDO

Page 2.